# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **FIRST FRANKLIN FINANCIAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 3:16-cv-01576-AKK |
| **TIMOTHY WEAKLEY and** ) | |
| **ANITA WEAKLEY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This action is before the court *sua sponte*. For the reasons stated more fully below, the court concludes that the action is due to be remanded for lack of subject matter jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

First Franklin Financial, Inc. ("FFF") filed this lawsuit in the Small Claims Court of Lauderdale County, Alabama, alleging that Timothy Weakley and Anita Weakley defaulted on a loan, and seeking judgment against the Weakleys in the amount of $2,531.50. *See* doc. 1-8 at 5.[1] FFF obtained a default judgment against the Weakleys on June 23, 2016. *Id.* at 1. Three days later, FFF filed for a process of garnishment against Anita Weakley's wages. Doc. 1-6 at 3–5; doc. 1-7 at 1–2. On September 12, 2016, Anita Weakley filed a Motion to Stop Wage

---

[1] Case number SM 16-260.

1

Garnishment, claiming exemption. Doc. 1-3 at 3–4. The state district judge scheduled a bench trial for September 28, 2016. *Id.* at 5.

The Weakleys answered the complaint on August 5, 2016, admitting that they owed a debt, but disputing the amount claimed. Doc. 1-6 at 1. Then, on September 9, 2016, the Weakleys filed an amended answer, motion to dismiss, and counterclaim. Doc. 1-3 at 6–10; doc. 1-4 at 1–10; doc. 1-5 at 1–3. The counterclaim alleges that FFF violated the Equal Credit Opportunity Act of 1974, 15 U.S.C. § 1961 ("ECOA"), thus rendering the underlying contract null and void.

On September 21, 2016, the Weakleys filed Suggestions of Bankruptcy and Motions for Release from Garnishment, stating that they filed a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama. *See* doc. 1-1 at 1–4.

The Weakleys removed the action to this court on September 23, 2016. Doc. 1. The notice of removal asserts that the action is properly before this court on the basis of diversity jurisdiction or, alternatively, federal question jurisdiction. *See id.* Specifically, the Weakleys contend that their demand for judgment in excess of $75,000 on their counterclaim[2] provides the requisite amount in controversy under § 1332. Alternatively, they contend that their counterclaim under the ECOA presents a federal question under § 1331.

---

[2] The Weakleys seek "$100,000,000 in punitive damages." Doc. 1-4 at 7.

2

The court turns now to the question of whether it has subject matter jurisdiction over this action.

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citing *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)).  Therefore, the court must make an early, independent jurisdictional assessment and, if necessary, dismiss or remand any claims that fall outside of the court's subject matter jurisdiction.  *See also* 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### A.  Diversity Jurisdiction

28 U.S.C. § 1332 provides, in relevant part, that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States."[1]  28 U.S.C. § 1332(a)(1).

---

[1] The court will assume, for purposes of this opinion, that complete diversity of citizenship exists.

The original amount in controversy, as set forth in FFF's complaint, was $2,351.50.  The fact that a *counterclaim* seeks an amount in excess of the amount in controversy required by § 1332 does not confer subject matter jurisdiction on a federal court.  *See Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)) ("[I]f allegations in the complaint do not bring the case within the removal jurisdiction of the district court, '[the suit] cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.'"); *Conference Am., Inc. v. Q.E.D. Int'l, Inc.*, 50 F. Supp. 2d 1239, 1241–43 (M.D. Ala. 1999) (counterclaims cannot be considered in determining whether the amount in controversy requirement has been met); *Boudin v. South Point, Inc.*, No. 08-0390-CG-M, 2009 WL 1635927, at *3–4 (S.D. Ala. June 9, 2009).  In short, there is no basis for subject matter jurisdiction under § 1332.

### B. Federal Question Jurisdiction

28 U.S.C. § 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  A defendant may remove a state civil action to a federal court if the pending action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).  Under the well-pleaded complaint rule, a court must look to the face of the complaint to determine whether a claim "arises" under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S.

386, 392 (1987). The assertion of a *defense* that raises a federal question will not invoke the original jurisdiction of a federal court when the plaintiff's complaint does not raise a federal question on its face. *See id.* at 392–93; *Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961); *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008) (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003)) ("[I]n determining whether [a] claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses.").

Moreover, a *counterclaim* arising under federal law does not invoke a district court's "arising under" jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009) (stating that "a counterclaim . . . does not provide a key capable of opening a federal court's door"); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction."); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (although an action may arise under federal law if the right to relief under state law requires resolution of a substantial question of federal law, the mere presence of a federal issue does not automatically confer federal question jurisdiction).

In this case, FFF's complaint relies solely upon state law. The Weakleys' assertion of a counterclaim under the ECOA as a basis to void the original contract does not create a basis for federal question jurisdiction. Therefore, the court lacks subject matter jurisdiction under § 1331.

### III. CONCLUSION

In light of the foregoing, the court finds that the Weakleys cannot satisfy the requirements for removal under either § 1332 or § 1331. Therefore, the court remands this action to the Small Claims Court of Lauderdale County, Alabama, for lack of subject matter jurisdiction.

The court will enter a separate order consistent with this opinion.

**DONE** the 28th day of September, 2016.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE